Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6786 | **DATE** | February 17, 2004 |
| **CASE TITLE** | Catherine Johnson v Long Term Disability Plan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ■ Status hearing set for 3/11/04, at 9:00 a.m.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2)

(10) ■ [Other docket entry] Memorandum opinion and order entered. Accordingly, defendants' motion to dismiss is denied and their motion to strike the jury demand is granted. Answer to complaint is due by 3/8/04. Joint status report is due by 3/8/04.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| X | Notices mailed by judge's staff. | | FEB 18 2004 | | |
| | Notified counsel by telephone. | | date docketed | | 16 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| GDS | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CATHERINE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 03 C 5786 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| LONG TERM DISABILITY PLAN and IMC ) | |
| GLOBAL, INC., ) | |
| ) | |
| Defendants. ) | |

**DOCKETED**

FEB 1 8 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Catherine Johnson filed a complaint against her former, employer IMC Global Inc. ("IMC") and its Long Term Disability Plan (the "Plan") seeking disability income benefits pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. § 1132(a)(1)(B). Plaintiff has demanded a jury trial. Defendants have moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), and to strike the jury demand. For the reasons set forth below, the motion is to dismiss is denied, and the motion to strike the jury demand is granted.

## FACTS[1]

Plaintiff was employed by IMC from June 9, 1988, until January 26, 2001, when she ceased working due to multiple medical impairments including fibromyalgia and other autoimmune disorders. Due to her condition, plaintiff has been continuously unable to perform

---

[1] The facts are taken from plaintiff's complaint and are presumed true for purposes of the pending motions.

16

the material duties of her occupation or any other occupation since January 16, 2001. Plaintiff was covered by the Plan and she applied for benefits subsequent to ceasing her employment. The Plan defines disability as,

> . . . the inability to perform all of the important duties of your job or another job offered by IMC, due to illness or injury. You must also not be working at any other job. This definition applies during the first 30 months of any period of disability.

By the express terms of the Plan, IMC is the designated plan administrator (the "Plan Administrator") and has discretionary authority to determine benefits eligibility throughout the Plan's administrative claims and appeal process. Plaintiff initially supported her claim for benefits with numerous medical records and reports, and other evidence certifying her disability. Benefits were approved both for short-term disability and, eventually, long-term disability. However, despite the continued submission of proof of ongoing disability, her benefits were terminated as of August 31, 2002.

Following the termination of her disability benefits on August 31, 2002, plaintiff submitted an appeal for benefits to IMC, which included medical and vocational evidence supporting her ongoing disability. In addition, IMC required that plaintiff undergo two examinations by physicians selected by IMC, both of whom reported that plaintiff was incapable of working. Despite the doctors' reports, her claim for benefits was denied.

## DISCUSSION

Defendants have moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), arguing that the complaint fails to allege that the decision to deny benefits was arbitrary and capricious. For the purposes of a motion to dismiss, the court accepts all well-pleaded allegations as true and draws

all reasonable inferences in favor of the plaintiff. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1428 (7th Cir. 1996). The consideration of a Rule 12(b)(6) motion is generally restricted to the pleadings, which include the complaint and any attached exhibits. *Thompson v. Illinois Dep't of Prof. Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

Defendants argue that because the Plan gives "the administrator discretionary authority to determine eligibility for benefits" this court may overturn that decision only if it was arbitrary and capricious. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989). Citing *Armbruster v. Benefit Life Trust Ins. Co.*, 687 F.Supp. 403, 406 (N.D. Ill. 1988), defendants argue that plaintiff is required to plead the standard of review. The complaint does not allege that the decision to deny benefits was "arbitrary and capricious." However, under the notice pleading requirements of Fed. R. Civ. P. 8(a), the complaint is sufficient if it alleges facts sufficient to support a conclusion that the decision was arbitrary and capricious. The instant complaint alleges that benefits were denied despite the fact that defendants' own doctors reported that plaintiff is totally incapable of working, thus meeting the Plan's definition of disability. Assuming these facts to be true, the trier of fact could conclude that the decision was arbitrary and capricious. Accordingly, defendants' motion to dismiss is denied.

Defendants also move to strike plaintiff's demand for a jury trial. The Seventh Circuit has consistently held that because suits for benefits under 502(a)(1)(B) are equitable in nature plaintiffs bringing such actions are not entitled to a jury trial. *Wardle v. Cent. States, Southeast and Southwest Area Pension Fund*, 627 F.2d 820, 829 (7th Cir. 1980) *cert. denied*, 449 U.S. 1112 (1981); *see also Brown v. Retirement Com. Of Briggs & Stratton Ret. Plan*, 797 F.2d 521, 527 (7th Cir. 1986) *cert. denied*, 479 U.S. 1094 (1987). Other Courts of Appeal agree that a jury is

unavailable in this type of case. *See Thomas v. Oregon Fruit Producers Co.*, 228 F.3d 991, 996 (9th Cir. 2000); *Adams v. Cyprus Amax Minerals Co.*, 149 F.3d 1156, 1162 (10th Cir. 1998); *DeFelice v. Am. Int'l Life Assur. Co. of N.Y.*, 112 F.3d 61, 64 (2d Cir. 1997); *Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994), *cert. denied*, 514 U.S. 1066 (1995); *Cox v. Keystone Carbon Co.*, 894 F.2d 647, 649 (3d Cir. 1990); *Howard v. Parisian, Inc.*, 807 F.2d 1560, 1567 (11th Cir. 1987); *Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1006-07 (4th Cir. 1985); *In re Vorpahl*, 695 F.2d 318, 321-22 (8th Cir. 1982).

Although plaintiff argues that her claim is similar to a breach of contract claim, she brings her claim under 29 U.S.C. §1132(a)(1)(B). As defendants correctly note, "the prevailing weight of authority has been to disallow juries in ERISA benefit claims characterizing such actions as equitable in nature." *See Wardle*, 627 F.2d at 829. This court will follow the prevailing weight of authority and strike the jury demand.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is denied and their motion to strike the jury demand is granted. Defendants are directed to file their answer to the complaint on or before March 8, 2004. The parties are directed to prepare and file a joint status report (using this court's standard form) on or before March 8, 2004. The status having been previously set for February 18, 2004, is continued to March 11, 2004, at 9:00 a.m.

**ENTER:** **February 17, 2004**

Robert W. Gettleman
United States District Judge

4